Albert Kwok Leung KWAN,
Witness–Appellant,

v.

UNITED STATES of America,
Appellee.

No. 06–35082.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 9, 2008.

Filed Jan. 23, 2008.

Eric R. Stahlfeld, Esq., Seattle, WA, Joseph R. Conte, Esq., Washington, DC, for Witness–Appellant.

Steven D. Clymer, Esq., USLA—Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Appellee.

Before: BEEZER, KLEINFELD, and TASHIMA, Circuit Judges.

MEMORANDUM *

This is an appeal from the district court's order denying the pre-indictment motion of Albert Kwok Leung Kwan for the return of property under Federal Rule

of Criminal Procedure 41(g). "[D]istrict courts have the power to entertain motions to return property seized by the government when there are no criminal proceedings pending against the movant. These motions are treated as civil equitable proceedings and, therefore, a district court must exercise 'caution and restraint' before assuming jurisdiction." *Ramsden v. United States,* 2 F.3d 322, 324 (9th Cir. 1993) (citations omitted). Here, the district court's tersely-worded order stated only that "the motion to return the property of Mr. Kwan seized pursuant to the investigation of this matter is DENIED." It is evident, however, and Kwan does not contend otherwise, that Kwan did not make the four-factor showing which *Ramsden* requires as a predicate to the district court assuming jurisdiction over a pre-indictment Rule 41(g) motion. *See id.* at 324–25; *see also United States v. Comprehensive Drug Testing, Inc.,* 473 F.3d 915, 929 (9th Cir.2006).

The order of the district court is therefore **AFFIRMED** without prejudice to Kwan renewing his Rule 41(g) motion on a proper showing of the *Ramsden* factors before the district court.